

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2009

# Tommy Alexander Sr. v. Troy Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2978

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Tommy Alexander Sr. v. Troy Williamson" (2009). *2009 Decisions*. Paper 1527.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1527

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-288                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2978
_____

TOMMY ALEXANDER, SR.,

Appellant

v.

WARDEN TROY WILLIAMSON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-00226)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 18, 2008
Before: MCKEE, RENDELL and SMITH, Circuit Judges

(Opinion filed April 16, 2009)

_____

OPINION
_____

PER CURIAM

Tommy Alexander, Sr., appeals the District Court's dismissal of a petition for writ

of habeas corpus brought pursuant to 28 U.S.C. § 2241, as well as the District Court's

subsequent denial of Alexander's related motion for reconsideration.  Because

Alexander's appeal presents no substantial question, we will summarily affirm.

In 1990, Alexander was convicted in the Southern District of Texas of multiple narcotic and firearm counts, which resulted in a sentence of concurrent terms of life imprisonment. The Court of Appeals for the Fifth Circuit upheld Alexander's conviction and sentence on appeal. In 1992, Alexander filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Texas, which the court denied and the Fifth Circuit affirmed. Alexander later filed at least two applications for leave to file successive § 2255 motions with the Fifth Circuit, which denied them.

In 2004, Alexander filed a petition pursuant to 28 U.S.C. § 2241 in the Eastern District of Texas, asserting that § 2255 was ineffective or inadequate to test the legality of his detention. The court denied the petition, and the Fifth Circuit affirmed this ruling on appeal. On February 5, 2008, Alexander – now incarcerated at USP Lewisburg – filed the same petition in the Middle District of Pennsylvania, which the court dismissed on April 1, 2008. This judgment, although styled as an order, also included a brief recitation of the case's procedural history and the court's reasoning for denying the petition. On April 27, 2008, Alexander submitted a motion for reconsideration of the April 1 order. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that petitioner prisoner's notice of appeal was filed at the time he delivered it to prison authorities for forwarding to the court). On June 12, 2008, the District Court denied Alexander's motion on the merits, assuming arguendo that Alexander had timely filed the motion. On June 17, 2008, Alexander filed a notice of appeal challenging both the April 1 and June 12 orders. The

Clerk listed Alexander's appeal for possible dismissal for jurisdictional defect and alternatively for possible summary action.

The District Court did not set forth its April 1 order dismissing Alexander's petition in a separate document as required by Fed. R. Civ. P. 58(a). The order is not a separate document because it consists of both the District Court's opinion and the order. Additionally, the document includes the reasons for the District Court's denial of the petition. See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006) (stating that "an order will be treated as a separate document if it meets three criteria: first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims"). As such, pursuant to Fed. R. App. P. 4(a)(7), the April 1 order was not considered entered for 150 days. Alexander therefore timely filed his notice of appeal. Accordingly, we have jurisdiction over this appeal under 28 U.S.C. § 1291, and we "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

A motion pursuant to § 2255 is the presumptive means by which a federal prisoner can contest his conviction or sentence, for a court cannot entertain a § 2241 petition unless a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). In Cradle, we explained that "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of

scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." 290 F.3d at 538. The remedy's inefficacy, rather than a prisoner's inability to use it, is determinative. Id. "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements" for filing a second or successive § 2255 motion. Id. at 538-39.

Alexander has failed to demonstrate that a successive § 2255 motion would be inadequate or ineffective. His appeal, which includes, inter alia, claims of new evidence[1] and ineffective assistance of counsel, does not present the "unusual circumstance" in which a § 2255 motion is inadequate or ineffective. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997) (noting that a § 2255 motion would be inadequate or ineffective where an intervening change in substantive law made the crime for which the petitioner was convicted non-criminal). Rather, as he concedes, Alexander's invocation of § 2241 is grounded in his mere inability to satisfy the requirements for filing a successive § 2255 motion. See Habeas Petition, 37 ("A successive [§ 2255 motion] requires far more than

---

[1]The new evidence alleged by Alexander includes a forensic analysis of audiotapes of conversations involving Alexander, which were played at trial, as well as affidavits from various witnesses regarding the underlying facts of the case. Much of this information was or could have been available to Alexander before he filed his original § 2255 motion. Although the forensic analysis was prepared after Alexander filed his original § 2255 motion, it appears that the delay in obtaining this analysis was due merely to Alexander's financial constraints, not his inability to access the tapes prior to filing the original motion. Moreover, Alexander seemingly could have obtained the affiants' testimony before filing the original motion.

what Petitioner could show once he had obtained the forensic evidence. As such, the 2255 is inadequate....").

For these reasons, we conclude that Alexander's appeal presents no substantial question. See Third Circuit LAR 27.4 and I.O.P. 10.6. Accordingly, we will summarily affirm the judgment of the District Court.